UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: APA Assessment Fee Litigation<br><br>ELLEN G. LEVINE, et al.,<br><br>　　Plaintiffs,<br><br>　　　　v.<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. and AMERICAN PSYCHOLOGICAL ASSOCIATION PRACTICE ORGANIZATION,<br><br>　　Defendants. | Civil Action No. 10-1780 (JDB)<br>(consolidated with Civil Action No. 10-1898 (JDB)) |
| ERIC S. ENGUM,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. and AMERICAN PSYCHOLOGICAL ASSOCIATION PRACTICE ORGANIZATION,<br><br>　　Defendants. | |

## MEMORANDUM OPINION

Plaintiffs Ellen G. Levine, Ruth Fallenbaum, and Eric S. Engum, on behalf of a proposed class, seek to file a fifth amended complaint. They claim that they paid a "special assessment" or a "practice assessment" to the American Psychological Association ("APA") for use by its lobbying arm, the American Psychological Association Practice Organization ("APAPO"), under

1

the mistaken belief that payment of that assessment was required for membership in the APA. Defendants APA and APAPO previously moved to dismiss all counts of plaintiffs' fourth amended complaint, and the Court granted the motion, finding that the claims "suffer[ed] from fatal threshold flaws." Mem. Op. [Docket Entry 27] at 2 (May 30, 2012). In their opposition to defendants' motion to dismiss the fourth amended complaint, however, plaintiffs requested that they "be allowed to amend the Complaint to allege a count for fraudulent inducement and rescission of the APAPO membership 'contract.'" Pls.' Opp'n to Defs.' Mot. to Dismiss [Docket Entry 19] at 18 (Apr. 1, 2011).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nonetheless, denying leave to amend is appropriate in circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." See Foman v. Davis, 371 U.S. 178, 182 (1962). In light of these principles, the Court previously rejected defendants' argument that leave to amend should be denied simply because plaintiffs had amended their complaint three times before. See Mem. Op. at 13. But the Court explained that leave to file a fifth amended complaint that adds "a fraudulent inducement and rescission claim" would be granted "only if plaintiffs can demonstrate that allowing amendment will not be futile," and permitted limited supplemental briefing on this issue. Id. at 14. The parties have now submitted their supplemental briefing. Because plaintiffs have failed to show that the proposed claims would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will deny leave to amend.

Briefly, the factual background for this dispute is as follows:[1] The APA is an organization representing psychologists. See Compl. [Docket Entry 15] ¶ 15 (Jan. 31. 2011). As a 501(c)(3) organization, it may not engage in significant lobbying. See id. In 2001, the APA formed APAPO, a 501(c)(6) organization, to conduct professional advocacy and lobbying on behalf of APA members. See id. The APA has been assessing clinician members a special fee with their APA dues called a "special assessment" or a "practice assessment." See id. ¶¶ 4, 15. The APA's website and the dues statements it sent to members stated that certain members "must pay the practice assessment." See, e.g., Ex. F to Defs.' Mot. to Dismiss [Docket Entry 22-1] at F3 (Aug. 12, 2011) ("Ex. F"); see also Compl. ¶ 16. The dues statements also indicated that "[b]asic dues are required for continuous membership," see Ex. F, at F2, but included no such indication for the practice assessment, see id. at F3. The APA's bylaws described membership requirements, and indicated that members "shall" pay "basic dues" and division assessments for each additional division to which the member belongs, and that nonpayment of dues for one year would be deemed a request for resignation. Ex. B to Defs.' Mot. to Dismiss [Docket Entry 16-13] at B15 (Mar. 2, 2011). The bylaws made no mention of a special assessment or a practice assessment.

In their supplemental brief, plaintiffs now seek leave to amend the complaint to add a claim of negligent misrepresentation, as well as the two claims they initially sought to add, fraudulent inducement and rescission. Plaintiffs' theory is that the APA induced them to enter into a contract with APAPO by misrepresenting its membership requirements to create the

---

[1] Because the Court is considering whether the proposed claims would survive a motion to dismiss, the Court will take the allegations in the complaint as true. See Oberwetter v. Hilliard, 639 F.3d 545, 549 (D.C. Cir. 2011). The Court will also consider the APA bylaws for the reasons explained in the prior opinion. See Mem. Op. at 7-9; see also EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim," a court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the Court] may take judicial notice.").

impression that paying the special assessment to APAPO was a condition of APA membership. Defendants, in turn, contend that although the APA considered paying the practice assessment a moral and professional obligation, it never conditioned APA membership on the payment. The parties agree that all three proposed counts require an actionable misrepresentation as well as reasonable reliance by plaintiffs on that misrepresentation. See, e.g., Pls.' Br. in Supp. of Proposed Amendment [Docket Entry 30] at 5, 6 (July 2, 2012) ("Pls.' Supp. Br."); see also One-O-One Enters., Inc. v. Caruso, 848 F.2d 1283, 1286 (D.C. Cir. 1988) (explaining that District of Columbia common law of fraud requires reasonable reliance on an allegedly fraudulent representation).

In allowing supplemental briefing on the proposed amendment of plaintiffs' complaint, the Court explained that the "must pay" statement, standing alone, could be misleading to a reasonable person. See Mem. Op. at 14 ("In the context of a dues statement, a reasonable person could plausibly believe that an assessment labeled 'must pay' was a condition of membership, not a simple professional obligation."). It is not altogether clear here that a misleading statement about a defendant's own membership requirement—a requirement to which plaintiffs were willing to assent if they needed to—is a false representation of a material fact. Nonetheless, the Court will assume, without deciding, that the misleading "must pay" statement was an actionable misrepresentation. Plaintiffs' claims, however, falter on the reasonable reliance element.

Plaintiffs argue that their reliance on the statement "was reasonable" because "[a]s the Court noted, a reasonable person could have thought that the words 'must pay' on a dues statement mean[] that payment is required for membership as opposed to a professional obligation" and because "the APA itself acknowledged that absent its misrepresentations, most APA members would not have joined the APAPO." Pls.' Supp. Br. at 6. Neither argument shows

4

reasonable reliance, however. That APA members joined APAPO because of the misrepresentation (an allegation the Court takes as true) shows actual reliance only. And that the words "must pay" can, to a reasonable person, indicate that payment is required for membership shows that the statement, considered on its own, was misleading. But that does not mean that relying on those words to the exclusion of all other sources of information is reasonable.

Under District of Columbia law, relying on a misrepresentation may not be reasonable where "there was an adequate opportunity to conduct an independent investigation and the party making the representation did not have exclusive access to such information." In re Estate of McKenney, 953 A.2d 336, 343 (D.C. 2008); see also Howard v. Riggs Nat'l Bank, 432 A.2d 701, 707 (D.C. 1981) (reliance not reasonable where bank, which required plaintiff to submit plans for a renovation before making loan, directed plaintiff to a contractor and represented that his work was of high quality because plaintiff "had an adequate opportunity to conduct an independent investigation into [the contractor's] reputation and to obtain references from past customers of [the contractor]"). Here—even before investigating further—plaintiffs had far more information about APA membership requirements than the "must pay" sentence in the dues statements and on the website. First, the dues statements specified that basic dues were required for membership, but included no such notation next to the practice assessment, creating at least some ambiguity about the practice assessment's relationship to continued membership. Second, plaintiffs do not—and could not—allege that they had no access to their own membership contracts, including the APA bylaws that set forth the conditions of membership. In fact, under District of Columbia law, members "are conclusively presumed to know [the] constitution and by-laws" of an organization to which they belong. See Clark v. Mut. Reserve Fund Life Ass'n, 14 App. D.C. 154, 169 (D.C. 1899). And here the bylaws made no mention of a practice

5

assessment as a requirement for APA membership. As this Court previously noted, "plaintiffs were fully capable of noting the discrepancy between the statements and the membership contracts—as, indeed, it appears that they eventually did"—to determine that the practice assessment was not a requirement of APA membership. See Mem. Op. at 11.

Documents indisputably in plaintiffs' possession, the contents of which they are presumed to know, and which actually set out the membership requirements, indicated that payment of the practice assessment was not a condition of APA membership. In such circumstances, no reasonable person would assume that the phrase "must pay" creates a condition of membership. Such reliance is particularly unreasonable in this case, where the dues statement itself ties another payment, but only the other payment, explicitly to membership. Moreover, even if these sources did not give plaintiffs perfect clarity as to their right to decline paying the practice assessment, they at least put them on notice to inquire further and clarify any payment obligation if they wanted to make only the minimum payment that would allow them to continue as APA members.[2]

Plaintiffs have not plausibly shown that a reasonable person would rely on the "must pay" statement to the exclusion of other documents and in lieu of investigating further in determining that the practice assessment payment was required for continued APA membership. Accordingly, they have failed to show that the proposed amendments would survive a motion to dismiss. See Alicke v. MCI Commc'ns Corp., 111 F.3d 909, 912 (D.C. Cir. 1997) (holding that Rule 12(b)(6) dismissal of claim is proper where "no reasonable customer" could reach certain

---

[2] The dues statement instructions, for instance, stated "Questions? Call APA Membership" and provided contact information. See, e.g., Ex. F, at F2. In explaining the practice assessment, the instructions further stated, "Questions about the Practice Assessment? Contact the APA Practice Organization," and provided contact information. See, e.g., id. at F3. Plaintiffs, however, never allege that they called APA Membership or APAPO, or investigated the membership requirements in any way.

6

conclusion). The Court hence finds the proposed amendments futile and will deny leave to amend. See Mem. Op. at 14 (to obtain leave to amend, plaintiffs must "demonstrate that allowing amendment will not be futile" (emphasis added)); see also Foman, 371 U.S. at 182.[3] A separate order has been issued on this date.

                                                                                /s/
                                                       JOHN D. BATES
                                      United States District Judge

Dated: February 1, 2013

---

[3] Plaintiffs' proposed rescission count is independently barred because plaintiffs' membership contracts with APAPO have been fully performed, and the parties cannot be returned to the pre-contractual status quo. See Dean v. Garland, 779 A.2d 911, 915 (D.C. 2001) ("Rescission is an equitable remedy, and a party seeking rescission must restore the other party to that party's position at the time the contract was made. This rule applies even when the party against whom rescission is sought has committed fraud." (citation omitted)). The negligent misrepresentation count is independently barred because plaintiffs did not ask to add it in their opposition to defendants' motion to dismiss, and the request now is untimely and outside the scope of the supplemental briefing. See Whiting v. AARP, 637 F.3d 355, 365 (D.C. Cir. 2011) (request for leave to amend need not be granted where plaintiff failed to properly request leave to amend in opposing defendant's motion to dismiss or by filing other appropriate motion).