UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: APA Assessment Fee Litigation<br><br>ELLEN G. LEVINE, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., et al.,<br><br>    Defendants. | Civil Action No. 10-1780 (JDB) |
| ERIC S. ENGUM,<br><br>    Plaintiff,<br><br>        v.<br><br>AMERICAN PSYCHOLOGICAL ASSOCIATION, INC., et al.,<br><br>    Defendants. | Civil Action No. 10-1898 (JDB)<br><br>(consolidated with Civil Action No. 10-1780 (JDB)) |

## ORDER AND FINAL JUDGMENT

Upon consideration of [48] plaintiffs' motion for final class certification and settlement approval, [46] [47] plaintiffs' motion for attorney's fees (and the supplement thereto), [50] [51] the parties' supplemental filings regarding class certification, the final fairness hearing held on August 13, 2015, and the entire record herein, and for the reasons explained in [52] the accompanying Memorandum Opinion issued on this date, the Court grants final approval of the settlement as set forth in [43-1] the parties' Settlement Agreement. It is accordingly hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1

1. The Court hereby adopts and incorporates by reference the terms defined in the Settlement Agreement. Unless otherwise noted herein, all capitalized terms used in this Order shall have the same meanings given to them in the Settlement Agreement.

2. The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

3. The Settlement Class is hereby certified. Pursuant to Fed. R. Civ. P. 23 and this Court's Preliminary Approval Order, the following persons are members of the Settlement Class: All persons in the United States who are current or former members of APA and paid the APAPO Practice Assessment for APA dues years 2001 through February 12, 2015. Excluded from this class are Defendants, their subsidiaries, affiliates, parents, any entity in which Defendants have a controlling interest, governmental entities, and all judges assigned to hear any aspect of this case, as well as their immediate families. Also excluded is any person who, during the Class Period, released Defendants from liability concerning the claims in the Litigation.

4. No objections were made to the settlement and no Settlement Class Members submitted requests for exclusion from the Settlement Class.

5. Plaintiffs, Defendants, and Settlement Class Members shall consummate the settlement according to the terms of the Settlement Agreement. The Settlement Agreement, and each and every term and provision thereof, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

6. All claims in the Litigation—<u>In re APA Assessment Fee Litigation</u>, Nos. 1:10-cv-01780-JDB (D.D.C.) and 1:10-cv-01898-JDB (D.D.C.), and <u>Grossman v. American Psychological Association</u>, No. 1:13-cv-02034-JDB (D.D.C.)—are hereby dismissed in their entirety and with prejudice upon entry of this Order and Final Judgment, with each side to bear its own fees and costs, except as otherwise provided for in the Settlement Agreement.

7. By entry of this Order and Final Judgment, the Settlement Class and each Settlement Class Member have fully and unconditionally released and discharged the Released Parties as provided in the Settlement Agreement.

8. The Settlement Class has specifically waived any and all rights or benefits which any of its members may have with respect to the Litigation arising now or in the future under Section 1542 of the California Civil Code as provided in the Settlement Agreement.

9. The Court hereby awards attorneys' fees in the amount of $2,706,000, costs and expenses in the amount of $43,126.27, and Plaintiffs incentive awards in the amount of $5,000 each to Ellen Levine, Ruth Fallenbaum, Eric Engum, and Ira Grossman. These amounts will be distributed in accordance with the terms of the Settlement Agreement. The Court authorizes Settlement Class Counsel to allocate and distribute said funds in their sole discretion to be reasonably applied. Any dispute concerning said allocations shall be under the jurisdiction of this Court.

10. The Settling Parties have stipulated and the Court has determined that the Court's decision to grant final approval of the settlement set forth in the Settlement Agreement is separate from the issues raised by Settlement Class Counsel's petition for attorneys' fees, costs, and expenses, and incentive awards.

11. Without affecting the finality of this Final Judgment in any way, the Court retains continuing jurisdiction over the Settling Parties and the Settlement Class for the administration, consummation, and enforcement of the terms of the Settlement Agreement.

12. In the event the Effective Date does not occur, this Order and Final Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement Agreement, this Order and Final Judgment and all orders entered in connection herewith shall be vacated and null and void.

**SO ORDERED.**

/s/

JOHN D. BATES
United States District Judge

Dated: October 14, 2015